**Frank H. Jones, Trustee, Appellee, v. Lewis W. Parker and Livingston T. Dickason, Appellants.**

### Gen. No. 16,940.

1. REFORMATION OF INSTRUMENTS—*mutual mistake of fact.* Where parties have executed a lease under a mutually mistaken impression that the weekly rental therein provided for was at the rate of a certain amount per day, and an erroneous figure has been inserted by the stenographer, the court will decree reformation of the instrument according to the true intent and meaning of the parties.

2. REFORMATION OF INSTRUMENTS—*effect.* Where a lease is reformed by a court, rent found to be due is due as of the date of execution, and the costs are taxable against the party who has failed to perform the agreement as really intended to be made.

Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed January 29, 1913. Rehearing denied February 14, 1913.

HENRY M. HAGAN and GEORGE C. KING, for appellants.

ADAMS, BOBB & ADAMS, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an appeal from a decree of the Superior Court reforming a written instrument because of a mutual mistake of fact and granting certain other relief.

The bill is filed by Frank H. Jones, as trustee in bankruptcy of the estate of Williams & MacRitchie, bankrupts, against Lewis W. Parker and Livingston T. Dickason, surviving partners of the firm of W. E. Dorwin & Co., and alleges, in substance, that on Nov. 28, 1908, W. E. Dorwin & Co., requested the complainant to execute to them a lease of certain property belonging to said bankrupts, consisting of ten flat cars, an unloader, a railroad plow, pumping outfit, blacksmith shop and tools located near LaFayette, Louisiana; that complainant verbally agreed with said firm to execute a lease therefor for the term of four weeks at a daily rental of $35 per day for six days in each week, and procured authority from the United States District Court to execute such lease on said terms; that thereafter a draft of said lease was prepared in accordance with said agreement and order and submitted to said Parker for approval and execution; that shortly thereafter said Parker notified complainant and his attorney, David Jetzinger, that said rent was more than the firm was able to pay, and that he did not consider it necessary to include the ten flat cars in the lease, and requested complainant to name a rental for the property other than said flat cars; that complain-

ant fixed a rental of $22 per day for such other property and the same was satisfactory to said Parker; that Parker then requested complainant to prepare a draft of the lease in accordance with said new agreement; that thereupon said Jetzinger handed the draft of the first lease to his stenographer and requested her to rewrite the same, omitting the ten flat cars and changing the rental from $210 per week to $132 per week, and when the lease, as thus redrafted, had been prepared to send the same to Parker at his office in Chicago; that said stenographer neglected to omit the ten flat cars from said redraft of said lease, but did change the rental therein as directed, and sent said lease to said Parker; that thereafter said Parker informed complainant and Jetzinger that the firm had concluded it wanted the ten flat cars, and that he would be willing to execute the first draft of the lease which had been drawn; that said Parker thereupon produced a draft of a lease, including said ten flat cars, for execution by complainant, which draft complainant and Jetzinger supposed was the original draft, and the parties thereupon executed the same; that said lease so executed was not the original draft, but was the second draft which included the ten flat cars and stated the rental at $132 per week; that said Parker then well knew he was fraudulently presenting to complainant the second draft of said lease, which ought to have omitted said ten flat cars, for the purpose of inducing complainant to execute a lease on the entire property for the rental of only a portion thereof; that complainant executed said lease so presented to him under a pure mistake, believing the same to have been the first lease that was drafted and that the rental reserved therein was $210 per week, and that said Dickason and Parker likewise either executed said instrument through the same mistake, or that they executed and presented the same for complainant's signature fraudulently and with the intent to gain an unconscionable advantage over complainant by vir-

tue of the mistake which had been made by said stenographer, as before stated, etc. The bill prays that the court investigate the facts and circumstances relating to the execution of said lease, and ascertain and decree that the same was executed by the parties thereto under a mutual mistake in the belief that they were executing the lease which had been theretofore drafted, providing for a rental of $210 per week; or that the court may ascertain that complainant executed said lease under a mistake of fact induced by fraud and misrepresentation on the part of the defendants; that the court may ascertain, in any event, that the true intent and meaning of said lease was that the rental should be stated at $210 per week; that the court may order said lease reformed in accordance with its true intent and meaning and upon the reformation of said lease the defendants be decreed to pay the unpaid rental thereunder, as thus reformed, etc., concluding with the usual prayer for general relief.

A general demurrer to the bill was overruled and thereupon the defendants answered the same. The gist of the answer is "that no misrepresentation, express or implied, as to the contents of said contract was ever made by defendant Parker to complainant, nor was complainant induced to sign by any fraud practiced by defendant Parker, but that if complainant was ignorant of the contents his ignorance is in no degree due to fraudulent practice on the part of the defendants." After replication filed the cause was referred to a master to take the proofs and report the same with his conclusions.

The salient facts disclosed by the evidence and as found by the master are that the preliminary negotiations regarding the lease in question were had between Parker, acting for the firm of W. E. Dorwin & Co., and Jetzinger, acting for complainant as the receiver and trustee, and the estate of the bankrupts; that such negotiations resulted in a tentative agreement, subject to approval by the trustee and the prin-

cipal creditors of the bankrupts, whereby Dorwin & Company were to pay a rental of $22 per day for all the property involved and Jetzinger prepared a written lease on that basis and delivered a copy of the same to Parker; that three days following Jetzinger notified Parker that the proposed rental was too small and the lease would not be executed, whereupon Parker, after communicating with the other members of his firm, definitely agreed with the complainant to accept a lease of all the property at a rental of $35 per day for six days each week; that the tentative agreement, as heretofore drafted, was then surrendered by Parker to Jetzinger and the latter prepared a lease which was intended to embody the final agreement, two copies of which were given to Parker, who sent them to Dickason to be signed by him individually; that Dickason signed both copies and Parker then signed his own name and also the firm name and took them to complainant who signed both copies, retaining one and returning the other to Parker; that the rental stated in the lease as finally executed was $132 per week, but neither Parker nor the complainant noticed that the sum of $132 per week for six days was less than a rental of $35 per day for six days, and both executed the leases in the belief that the rental stated therein was the rental of $35 per day agreed upon by them, which would be $210 per week; that the error in the lease in regard to the weekly rental was doubtless caused by the stenographer employed by Jetzinger in incorporating parts of the tentative draft into the final draft, and in failing to change the amount of the rental in conformity with the final agreement. The master further found that none of the allegations of the bill of complaint in regard to fraud and deception on the part of the defendants had been proved.

The decree follows the finding and recommendation of the master and directs that the contract be reformed, so that the paragraph which reads "to pay as rent for the said property for six days of each week, the

sum of $132 per week," be reformed so as to read "to pay as rent for said property for six days of each week the sum of $210 per week." The decree further finds that the defendants retained possession of the property from December 2, 1908, until January 18, 1909; that the total amount of rent agreed to be paid amounted to $1,400, and that after crediting the payment there is a balance due of $700 and interest at 5 per cent., amounting to $44.30, making a total due the complainant of $744.30, and directs that the defendants Parker and Dickason pay the complainant the sum of $744.30 with interest at 5 per cent. from the date of the decree, and also pay the costs "which are hereby taxed in the sum of $214.70," and that execution issue.

Appellants insist that there is a fatal variance between the averments of the bill of complaint and the proof. Considering its allegations relating to the precise manner in which the alleged mutual mistake of fact occurred in connection with the proof, as made, the bill is by no means a model, but the allegation in the bill that complainant executed the lease under a pure mistake, believing that the rental reserved therein was $210 per week, and that the defendants likewise executed the lease under the same mistake, is sufficient to support the decree.

It is next urged that a mutual mistake of fact was not proved. It is uncontroverted that appellee, the lessor, executed the lease under the mistaken belief that the sum of $132 per week was the equivalent of $35 per day for a week of six days and appellant Parker testified that at the time he signed the lease for and on behalf of W. E. Dorwin & Co., the lessee firm, it was his understanding that he was signing a lease for a rental of $35 a day for six days in the week; that he did not realize that $132 a week for six days a week was not at the rate of $35 a day; that of course he would have known it if he had taken a pencil and figured it up, but he was under the impression that it (the lease) called for $35 a day. Parker was the mem-

ber of the firm who actively conducted the negotiations on its behalf, and his knowledge regarding the transaction must be imputed to the firm. The signature of Dickason to the lease appears to have been attached by him in his capacity as a partner, and it follows that in that capacity he was bound by the conduct of Parker. In its last analysis the mistake involved was one of fact arising out of the erroneous supposition that $35 per day for a week of six days amounted to $132 per week instead of $210 per week, and such mistake was mutual.

The rent is due upon an instrument in writing properly reformed as of the date of its execution and appellee is entitled to receive interest on the unpaid balance of such rent.

Appellants could have avoided the payment of any costs by performing the agreement as made and all the costs in this proceeding were properly taxed against them.

There is no substantial merit in any of the errors assigned and the decree is affirmed.

*Decree affirmed.*